## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

PROPHASE LABS, INC.,

                     Plaintiff,

    vs.

PREDICTIVE LABORATORIES, INC. and
PREDICTIVE TECHNOLOGY GROUP, INC.,

               Defendants.

Civil Action No. _____

## COMPLAINT

Plaintiff ProPhase Labs, Inc. ("Plaintiff"), for its Complaint against defendants (i) Predictive Predictive Laboratories, Inc. ("Predictive") and (ii) Predictive Technology Group, Inc. ("Parent" and together with Predictive, "Defendants") alleges as follows:

## I.   NATURE OF ACTION

1.     This is an action for (i) breach of contract of a promissory note, (ii) assembly and turnover of collateral pursuant to 6 *Del. C.* § 9-609(c), and (iii) avoidance of transfers under the Uniform Voidable Transactions Act (as enacted in the relevant jurisdiction(s)).

2.     Plaintiff is the "Holder" and "Secured Party" under a Note (as defined below) executed and delivered to Plaintiff by Predictive.

3.     Predictive failed to pay principal and interest as and when due under the Note. Accordingly, on October 11, 2021, Plaintiff accelerated the outstanding balance under the Note in the aggregate amount of Three Million Nine Hundred Forty Thousand Eight Hundred Fifty Six Dollars ($3,940,856), which included $3,885,937 in principal and $54,919 in interest.

4.     Predictive, however, remained steadfast in its failure to pay its obligations under the Note, which obligations are secured by security interests on accounts and other collateral.

1

5.      Accordingly, Plaintiff seeks judgment against Predictive for money damages in the amount of at least Four Million Two Hundred Thirty Five Thousand Eight Hundred Eighty Six Dollars ($4,235,886), which consists of $3,885,937 in outstanding principal and $349,949 in outstanding interest owed under the Note as of January 25, 2022, *plus* additional interest at the default rate of twenty-four percent (24%) per annum (or $2,757 per diem), and fees, costs and other charges (including attorneys' fees and expenses) which continue to accrue or be incurred under the Note.

6.      Plaintiff also seeks an order directing Predictive to assemble the collateral and make it available to Plaintiff pursuant to 6 *Del. C.* § 9-609(c).

7.      Although Plaintiff wired directly to Predictive most of the funds loaned under the Note, Plaintiff wire directly to Parent a significant portion of the funds loaned under the Note. Additional loan proceeds were used to pay the obligations of Parent for which Predictive was not liable.  Parent was unjustly enriched by such transfers.

8.      In addition, Predictive did not receive reasonably equivalent value for the transfer of any loan proceeds to or for the benefit of Parent.  As a result of such transfers, Predictive was or became insolvent, lacked adequate capital to operate its business, or believed that it would incur debts beyond its ability to pay such debts.  Accordingly, the payments to or for the benefit of Parent are voidable, and Parent is liable to Plaintiff for the amount of such transfers.

## II.      PARTIES

9.      Plaintiff is a Delaware corporation with offices at 711 Stewart Avenue, suite 200, in Garden City, NY 11530.

10.     Predictive is a Utah corporation with a principal place of business at 2749 East Parleys Way, Suite 100, in Salt Lake City, Utah, 84109.

2

11.     Parent is a Nevada corporation with a principal place of business at 2735 East Parleys Way, Suite 205, in Salt Lake City, Utah 84109.

### III.     JURISDICTION AND VENUE

12.     This Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332.

13.     This Court has jurisdiction over Predictive because Predictive consented to the jurisdiction of this Court.  Exhibit A (Note) at p. 8 ("The Debtor knowingly, voluntarily, and intentionally (i) consents in each Action commenced by the Secured Party to the nonexclusive personal jurisdiction of any court that is either a court of record of the State of Delaware or a court of the United States of America located in the State of Delaware [and] (ii) waives each objection to the laying of venue of any such Action and any claim that such Action has been brought in an inconvenient forum").

14.     This Court has jurisdiction over Parent because Parent directly received and/or benefitted from the funds loaned by Plaintiff under the Note.  A portion of the loan proceeds were wired directly to Parent.  In addition, Plaintiff directed a significant portion of the funds wired to Predictive to pay Parent's own liabilities (for which Predictive was not liable).  Parent effectively acknowledged its direct benefit from the proceeds of the Note by paying a portion of the interest owed to Plaintiff under the Note.  As a result of the foregoing, it was foreseeable that Parent would be bound by the venue selection provision of the Note.

15.     Venue is also proper in this Court under 28 U.S.C. § 1391.

## IV.     <u>FACTUAL BACKGROUND</u>

**A.**     <u>The Note</u>

       **1.**     **Principal**

16.     Pursuant to an *Amended and Restated Promissory Note and Security Agreement* made as of September 25, 2020 (as amended, the "<u>Note</u>"), Plaintiff initially loaned Three Million Dollars ($3,000,000.00) to Predictive. A copy of the Note is attached as <u>Exhibit A</u>.

17.     Effective as of January 14, 2021, Plaintiff and Predictive entered into the *Amendment and Termination Agreement* (the "<u>Amendment Agreement</u>"). A copy of the Amendment Agreement is attached as <u>Exhibit B</u>.

18.     Pursuant to the Amendment Agreement, Plaintiff credited Two Hundred Fifty Thousand Dollars ($250,000.00) against the principal amount, in respect of fees earned by Predictive under a consulting agreement. Exhibit B (Amendment Agreement) at p. 1. Also pursuant to the Amendment Agreement, Plaintiff loaned an additional One Million Dollars ($1,000,000.00) to Predictive (which was wired to Parent), thereby increasing the net outstanding principal amount under the Note to Three Million Seven Hundred Fifty Thousand Dollars ($3,750,000). *Id.* The principal amount under the Note was further increased to Three Million Eight Hundred Eighty Five Thousand Nine Hundred Thirty Seven Dollars ($3,885,937) by adding One Hundred Thirty Five Thousand Nine Hundred Thirty Seven Dollars ($135,937) in accrued and unpaid interest under the Note through and including January 14, 2021. *Id.*

       **2.**     **Interest**

19.     The Note provides for non-default interest at the rate of fifteen percent (15%) *per annum*. Exhibit A (Note) at p. 2. Interest was initially capitalized or "paid in kind" ("PIK") until September 1, 2021.

20.     Upon the occurrence and during the continuance of an Event of Default (as defined in the Note), interest accrues on the outstanding principal balance of the Note at the rate of twenty-four percent (24%) *per annum*. *Id.*

### 3.     Payments

21.     Initially, Predictive was required under the Note to make monthly payments, commencing September 1, 2021, of (i) accrued interest together with (ii) an amount equal to 1/36 of the then outstanding principal amount. Exhibit A (Note) at p. 2.

22.     Pursuant to the Amendment Agreement, however, Plaintiff and Predictive amended the section of the Note entitled "Repayment and Prepayment" to require that Predictive make payments under the Note based, generally, on Test Fees (as defined in the Amendment Agreement). Exhibit B (Amendment Agreement) at p. 3. The revised payment terms provided that, commencing on September 1, 2021, the minimum number of monthly payments due and payable from Debtor shall be equal to the amount required to amortize fully the outstanding principal amount of the Note, together with interest and any fees owed by Debtor over a period of thirty-six (36) months with level monthly payments. Exhibit B (Amendment Agreement) at p. 3.

### 4.     Collateral

23.     As security for the full payment and performance of all of its obligations under the Note, Predictive granted to Plaintiff a security interest in the following property and assets of Predictive (collectively, the "Collateral"): (i) all accounts; (ii) all fees received by Predictive in respect of COVID-19 tests administered by Predictive or its affiliates ("COVID Test Fees"); (iii) all supporting obligations of such accounts and COVID Test Fees, and "all increases or profits received therefrom, all software, books, and records related thereto, and all parts, accessories, special tools, attachments, additions, accessions, replacements, and substitutions thereto or

therefor"; and (iv) "all cash and non-cash proceeds of [such accounts and COVID Test Fees] in any form (including, without limitation, insurance proceeds)."  Exhibit A (Note) at p. 5.

24.     On September 11, 2020, to perfect its security interest in the Collateral, Plaintiff timely filed UCC financing statements with the Division of Corporations and Commercial Code of the State of Utah Department of Commerce.

## 5.     Events of Default; Remedies; Fees and Costs

25.     Under the Note, an "Event of Default" occurs upon, among other things, the failure to pay any principal, interest, fees or other charges when due, which failure remains uncured for two (2) days.  Exhibit A (Note) at p. 6.

26.     Upon the occurrence of an Event of Default, Plaintiff is entitled to accelerate the full balance due under the Note.  *See* Exhibit A (Note) at p. 6 ("Upon the occurrence of any Event of Default, without demand of performance or other demand, presentment, protest, advertisement, or notice of any kind (except any notice required by law) . . ., the holder of this Note, at the holder's option, . . . may declare the entire unpaid principal amount hereof and all interest accrued hereon, and all other sums owed under, or secured by, this Note to be, and such principal, interest, and other sums shall thereupon become, immediately due and payable in full in immediately available funds.").

27.     Plaintiff's rights and remedies under the Note are "cumulative and concurrent and may be pursued singly, successively, or together against [Predictive] or any collateral, at [Plaintiff's] sole discretion."  Exhibit A (Note) at p. 6.

28.     Under the Note, Predictive is obligated to "pay to [Plaintiff] immediately upon demand the full amount of all payments, advances, charges, costs and expenses, including reasonable attorneys' fees, expended or incurred by [Plaintiff] in connection with the . . .

enforcement of [Plaintiff's] rights and/or the collection of any amounts which become due to [Plaintiff]" under the Note and "the prosecution or defense of any action in any way related to [the Note] . . . whether incurred at the trial or appellate level."  Exhibit A (Note) at p. 7.

###### 6.    Governing Law

29.    The Note is governed by and construed in accordance with the laws of the State of Delaware, without reference to the conflicts of law or choice of law principles thereof.  Exhibit A (Note) at p. 7.

### B.    Predictive's Failure to Pay Principal and Interest; Acceleration

30.    Predictive failed to make payments of principal and interest as and when due under the Note.  Specifically, as of October 11, 2021, Predictive had failed to pay Two Hundred Seventy Thousand Eight Hundred Four Dollars ($270,804), which included two principal payments in the aggregate amount of $215,885 and $54,919 in interest owed under the Note.

31.    Accordingly, by letter dated October 11, 2021 (the "Default/Acceleration Notice"), Plaintiff advised Predictive that, in light of "Designated Defaults" (including, without limitation, the failure of the Borrower to pay principal, interest and other obligations when due under the Note), Plaintiff accelerated all amounts owing under the Note by demanding "the immediate payment in full by [Predictive] in cash of the unpaid principal amount" outstanding under the Note "with all interest accrued and unpaid thereon and all other obligations."   A copy of the Default/Acceleration Notice is attached as Exhibit C.

### C.    Predictive's Continued Failure to Pay Amounts Due

32.    Notwithstanding the Default/Acceleration Notice, Predictive has continued to fail to pay the amounts due and owing under the Note.

33.    As of January 25, 2022, amounts due and outstanding under the Note, as amended by the Amendment Agreement, totaled Four Million Two Hundred Thirty Five Thousand Eight Hundred Eighty Six Dollars ($4,235,886), consisting of (i) principal in the amount of Three Million Eight Hundred Eighty Five Thousand Nine Hundred Thirty Seven Dollars ($3,885,937), (ii) interest in the amount of Three Hundred Forty Nine Thousand Nine Hundred Forty Nine Dollars ($349,949), plus (iii) charges, fees and costs.  Interest, fees and costs will continue to accrue under the Note until paid in full.  *Per diem* interest continues to accrue in the amount of Two Thousand Seven Hundred Fifty Seven Dollars ($2,757).

### D.    Parent's Receipt and Use of Loan Proceeds under the Note

34.    Although Predictive alone is the named obligor under the Note, (a) certain loan proceeds were wired directly to Parent and (b) additional loan proceeds were used by Parent to pay its obligations (or obligations of its subsidiaries) for which Predictive was not liable.

35.    On January 14, 2021, Plaintiff wired directly to Parent the sum of One Million Dollars ($1,000,000) in loan proceeds under the Note.

36.    Parent provided documents to Plaintiff entitled "Backup Use of Funds" that evidenced Parent's use of loan proceeds to pay Parent's (or its subsidiaries') regular operating expenses such as:  salaries, payroll taxes, 401(k) company match, insurance premiums, employment-related taxes, amounts related to a "Corona Virus Relief Extension Amendment" to which Parent (*not* Predictive) was a party defined as "Customer," lease payments, professional services for tax advisors, financial advisors and legal counsel, and fees related to investor relations services.

37.    Acknowledging its obligation to repay borrowings under the Note, Parent provided periodic updates to Plaintiff regarding Parent's fiscal health and business operations.

The memoranda were entitled "Predictive Technology Group Notes Payable." Further acknowledging its obligation to repay borrowings under the Note, on March 18, 2021, Parent paid to Plaintiff Ninety Five Thousand Two Hundred Nineteen Dollars ($95,219) in respect of interest owed on the Note. On June 25, 2021, Plaintiff received 1,260,619 shares of Parent as payment in respect of interest in the amount of $315,155.

       E.    **Plaintiff's Damages**

38.    As a result of Defendants' failure to perform its obligations under the Note, Plaintiff has suffered money damages, including with respect to Defendants' nonpayment of principal, interest, additional charges, fees and expenses (including, without limitation, attorneys' fees and expenses).

**COUNT I – BREACH OF CONTRACT**
**(AGAINST PREDICTIVE)**

39.    Plaintiff incorporates each of the foregoing allegations as though fully stated herein.

40.    Predictive has failed to perform its obligations under the Note.

41.    Plaintiff has fully performed in accordance with all terms and conditions of the Note. All conditions precedent to Plaintiff's right to recover under the Note have been satisfied.

42.    Plaintiff is entitled to contractual money damages from Predictive in an amount equal to all amounts outstanding under the Note, as such amounts will continue to accrue through the date of judgment and thereafter, until paid in full.

43.    As of January 25, 2022, the amount of principal and interest due under the Note is Four Million Two Hundred Thirty Five Thousand Eight Hundred Eighty Six Dollars ($4,235,886). Interest continues to accrue at the rate of twenty-four (24%) *per annum* or Two Thousand Seven Hundred Fifty Seven Dollars ($2,757) *per diem*.

44.    Plaintiff also is entitled under the Note to recover additional charges, fees and costs, including attorneys' fees, all of which continue to accrue, in an amount to be proven at trial.

**COUNT II - TURNOVER OF COLLATERAL PURSUANT TO 6 *DEL. C.* § 9-609(C) (AGAINST PREDICTIVE)**

45.    Plaintiff incorporates each of the foregoing allegations as though fully stated herein.

46.    Predictive has failed to perform its obligations under the Note and has committed Events of Default thereunder.

47.    Plaintiff has fully performed in accordance with all terms and conditions of the Note.  All conditions precedent to Plaintiff's right to recover under the Note have been satisfied.

48.    Pursuant to 6 *Del. C.* § 9-609(c), Predictive is obligated to "assemble the [Collateral] and make it available to [Plaintiff] at a place to be designated by [Plaintiff] which is reasonably convenient to both parties."

49.    Plaintiff is entitled to judgment compelling Predictive to assemble the Collateral, including, without limitation, the books and records and a list of all account debtors, the addresses of the account debtors, and the amounts owed by each account debtor to Predictive, and make such Collateral available to Plaintiff.

**COUNT III –UNJUST ENRICHMENT (AGAINST PARENT)**

50.    Plaintiff incorporates each of the foregoing allegations as though fully set forth herein.

51.    Plaintiff conferred a benefit on Parent.  Specifically, a substantial portion of the loan proceeds under the Note were transferred by Predictive to Parent or were used to pay obligations of Parent or its subsidiaries for which Predictive was not liable.

52.     Parent acknowledged and appreciated the benefit that Plaintiff conferred on Parent because Parent made an interest payment on the Note and prepared and delivered to Plaintiff memoranda entitled "Predictive Technology Group Notes Payable."

53.     Parent's acceptance and retention of loan proceeds without paying the principal and interest due to Plaintiff on account of such loan proceeds is inequitable under the circumstances and contrary to the fundamental principles of justice, equity and good conscience.

54.     Moreover, Parent was enriched by its receipt and use of the Note proceeds.  Parent's enrichment and failure to pay the principal and interest relating to such proceeds has impoverished Plaintiff without justification.

55.     Plaintiff lacks a remedy at law because Parent is not an obligor on the Note.

**COUNT IV - AVOIDANCE OF VOIDABLE TRANSACTIONS
(AGAINST PREDICTIVE AND PARENT)**
**(Utah Uniform Voidable Transactions Act, Utah Code § 25-6-101 *et seq*., Pennsylvania
Uniform Voidable Transactions Act, 12 Pa. Cons. Stat. § 5101 *et seq.*, or New York
Uniform Voidable Transactions Act, N.Y. Debtor and Creditor Law § 270 *et. seq.*)**

56.     Plaintiff incorporates each of the foregoing allegations as though fully stated herein.

57.     This is a claim to avoid transfers under the Uniform Voidable Transactions Act, as enacted in, as applicable, Utah, Pennsylvania, or New York.  Both Defendants' principal place of business is in Utah.  Defendant's principal place of business is in New York, but previously was in Pennsylvania.

58.     A substantial portion of the loan proceeds under the Note were transferred by Predictive to Parent or were used to pay obligations of Parent or its subsidiaries for which Predictive was not liable.

59.     Parent did not provide reasonably equivalent value in exchange for such transfers.

60.    As evidenced by the fact that Predictive defaulted on its third payment due under the Note, at the time (or as a result) of the transfers, Predictive (i) was engaged or was about to engage in a business or a transaction for which Predictive's remaining assets were unreasonably small in relation to the business or transaction or (ii) intended to incur, or believed or reasonably should have believed that Predictive would incur, debts beyond its ability to pay as they became due.

### COUNT V - AVOIDANCE OF VOIDABLE TRANSACTIONS
### (AGAINST PREDICTIVE AND PARENT)
**(Utah Uniform Voidable Transactions Act, Utah Code § 25-6-101 *et seq*., Pennsylvania Uniform Voidable Transactions Act, 12 Pa. Cons. Stat. § 5101 *et seq.*, or New York Uniform Voidable Transactions Act, N.Y. Debtor and Creditor Law § 270 *et. seq.*)**

61.    Plaintiff incorporates each of the foregoing allegations as though fully stated herein.

62.    This is a claim to avoid transfers under the Uniform Voidable Transactions Act, as enacted in, as applicable, Utah, Pennsylvania, or New York.  Both Defendants' principal place of business is in Utah.  Defendant's principal place of business is in New York, but previously was in Pennsylvania.

63.    A substantial portion of the loan proceeds under the Note were wired directly to Parent or were used by Parent to pay its (or its subsidiaries') obligations for which Predictive was not liable.

64.    Parent did not provide reasonably equivalent value in exchange for the transfers.

65.    During all relevant times, Predictive generally was not paying its debts as they became due (other than as a result of a bona fide dispute).

66.    As evidenced by the fact that Predictive defaulted on its third payment due under the Note, at the time (or as a result) of the transfer of Note proceeds to or for the benefit of Parent, Predictive was insolvent.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and:

a)    against Predictive on Counts I and II:

    i.   in the total aggregate amount due under the Note, the exact amount to be proven at or before trial, including principal and interest, which continues to accrue at the rate of twenty-four percent (24%) *per annum*, charges, fees and costs, including attorneys' fees and expenses;

    ii.  directing Predictive to assemble the Collateral (including, without limitation, the books and records and a list of all account debtors, the addresses of the account debtors, and the amounts owed by each account debtor to Predictive) and to make the Collateral available to Plaintiff at a place to be designed by Plaintiff which is reasonably convenient to both parties, as required under 6 *Del. C.* § 9-609(c); and

    iii. granting such further relief to Plaintiff as is appropriate;

b)    against Parent on Count III:

    i.   in the total aggregate amount to be proven at trial of loan proceeds under the Note wire transferred to Parent and the additional loan proceeds utilized to pay the obligations of Parent or its subsidiaries for which Predictive was not liable, plus interest on such proceeds, which continues to accrue at the rate of twenty-four percent (24%) *per annum*, charges, fees and costs, including attorneys' fees and expenses; and

    ii.  granting such further relief to Plaintiff as is appropriate.

c)    against Predictive and Parent on Counts IV and V:

i.  avoiding the Transfers to the extent necessary to satisfy Plaintiff's claim under

    the Note;

ii.  in the dollar amount of the avoided Transfers plus prejudgment interest;

iii.  imposing a first lien in favor of Plaintiff on Parent's assets in the aggregate

    amount of the avoided transfers (including prejudgment interest) and Plaintiff's

    attorneys' fees and expenses; and

iv.  granting such further relief to Plaintiff as is appropriate.

Dated: January 25, 2022                 Respectfully submitted,
Wilmington, Delaware
                                        REED SMITH LLP

                                        /s/ *Kurt F. Gwynne*
                                        Kurt F. Gwynne (No. 3951)
                                        Mark W. Eckard (No. 4542)
                                        1201 Market Street, Suite 1500
                                        Wilmington, DE 19801
                                        Telephone:  (302) 778-7500
                                        Facsimile:  (302) 778-7575

                                        *Counsel for Plaintiff,*
                                        *ProPhase Labs, Inc.*

14